Matter of Cantor (2026 NY Slip Op 01281)

Matter of Cantor

2026 NY Slip Op 01281

Decided on March 05, 2026

Appellate Division, First Department

Per Curiam 

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 05, 2026
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Present — Hon. Peter H. Moulton
Justice Presiding
Saliann Scarpulla Barbara R. Kapnick Julio Rodriguez III LlinÉt M. Rosado
Justices.
 Motion No. 2025-06227 Case No.2024-06670
 In the Matter of Matthew Cantor
A suspended attorney: Attorney Grievance Committee for the First Judicial Department
Petitioner
Matthew Cantor (OCA Atty. Reg. No. 4659009)
Respondent.

Motion No. 2025-06227|Case No. 2024-06670|

[*1]In the Matter of Matthew Cantor, A Suspended Attorney: Attorney Grievance Committee for the First Judicial Department, Petitioner, Matthew Cantor (OCA Atty. Reg. No. 4659009), Respondent.

Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, Matthew Cantor, was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the Second Judicial Department on May 6, 2009.

Jorge Dopico, Chief Attorney, Attorney Grievance Committee, New York City (Eric Sun, of counsel), for petitioner.
Tyler Maulsby, Esq., for respondent.

Per Curiam 

Respondent Matthew Cantor was admitted to the practice of law in the State of New York by the Second Judicial Department on May 6, 2009. During the relevant period, respondent's prior registered business address was in the First Judicial Department.
On November 17, 2022, this Court suspended respondent from the practice of law, until further order of this Court, as part of a mass suspension proceeding, for failure to file attorney registration statements and pay biennial registration fees in violation of Judiciary Law § 468-a (211 AD3d 65 [1st Dept 2022]). The complete list of suspended attorneys was posted on the Court's website.
By notice of motion dated November 5, 2024, respondent requested that this Court reinstate him to the practice of law. The Attorney Grievance Committee (AGC) opposed respondent's reinstatement, noting respondent's unauthorized practice of law while he was suspended and the need for further investigation.
By order dated December 16, 2024, this Court denied respondent's motion for reinstatement with leave to refile upon the conclusion of the AGC's investigation.
On August 7, 2025, the AGC served respondent with a notice and petition of charges alleging that respondent "engaged in the unauthorized practice of law while suspended by this Court for approximately two (2) years; specifically, from November 17, 2022, to October 14, 2024."
The parties now jointly move under the Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.8(a)(5) for discipline by consent and ask this Court to impose an 18-month suspension, nunc pro tunc to October 14, 2024. The motion is supported by a joint affirmation containing a stipulation of facts, factors in aggravation and mitigation, agreed upon discipline, and relevant case law, as well as respondent's affidavit containing conditional admissions to the stipulated facts, respondent's consent to the agreed upon discipline, which he has freely and voluntarily given, and respondent's acknowledgment of the consequences of such consent (22 NYCRR 1240.8[a][5][i] and [iii]).
The parties stipulate to the following facts. By decision and order dated November 17, 2022, this Court suspended respondent from the practice of law pursuant to Judiciary Law Section 468-a for failure to pay biennial registration fees for two cycles (2019-2020 and 2021-2022). Respondent also failed to submit proof of CLE compliance during the aforementioned reporting cycles. Respondent moved for reinstatement before this Court on November 5, 2024. Prior to filing his motion for reinstatement, respondent paid all outstanding amounts owed for his attorney registration. The AGC opposed respondent's motion on the grounds that it appeared Respondent had been engaged in the unauthorized practice of law while suspended. This Court denied respondent's November 5, 2024 motion for reinstatement with leave to refile upon the conclusion of the AGC's investigation. Respondent continued to practice law in New York during the period of suspension until he learned on October 14, 2024, that he was suspended from the practice of law. Respondent has not practiced law since October 14, 2024.
In his affidavit in support of the joint motion, respondent conditionally admits that his actions, as set forth above, violated the rules 5.5(a) and 8.4(h) of the New York Rules of Professional Conduct (RPC) (22 NYCRR 1200.0).
The parties stipulate to the following factors in aggravation: respondent engaged in the unauthorized practice of law for approximately two years, and respondent had practiced for approximately 10 years at the time he first failed to register and submit proof of CLE compliance. Although respondent denies knowledge of his suspension, he concedes that given the length of time he practiced while suspended, he failed to exercise due diligence and can offer no reasonable excuse for his neglect and poor judgment.
The parties stipulate to the following factors in mitigation: respondent has no prior disciplinary history; respondent fully cooperated with the AGC's investigation; although respondent failed to certify his CLE credits during the reporting periods at issue, he continued to take CLE courses and keep records of his CLE credits; and respondent acknowledged the wrongfulness of his conduct, expressed remorse for his actions and has not practiced law since learning of his suspension more than a year ago.
The parties agree that an 18-month suspension, nunc pro tunc to October 14, 2024, is the appropriate sanction herein and ask that this Court exercise its discretion to run respondent's suspension nunc pro tunc to the date that respondent ceased practicing law.
In view of the stipulated facts, respondent's conditional admissions, and the parties' submissions regarding aggravating and mitigating factors, the jointly requested sanction of an 18-month suspension, nunc pro tunc to October 14, 2024, is appropriate and consistent with the discipline imposed in comparable matters.
Respondent engaged in the unauthorized practice of law for approximately two years, concedes that he failed to exercise due diligence in monitoring his registration status, and can offer no reasonable excuse for his misconduct. However, respondent has no prior disciplinary history, cooperated fully with the AGC's investigation, continued to complete CLE courses and maintain CLE records notwithstanding his failure to certify, and ceased practicing law immediately upon learning of his suspension.
Accordingly, the joint motion for discipline by consent should be granted, and an 18-month suspension imposed, effective nunc pro tunc to October 14, 2024, the date on which respondent ceased practicing law after learning of his suspension.
All concur.
Wherefore, it is Ordered that the parties' joint motion pursuant to 22 NYCRR
1240.8(a)(5) for discipline by consent is granted, and respondent, Matthew Cantor, is suspended from the practice of law for a period of 18 months, effective nunc pro tunc to October 14, 2024, and until further order of the Court.
Entered: March 05, 2026